UNITED STATES v. BORGFELDT et al.

(Circuit Court of Appeals, Second Circuit. January 25, 1898.)

No. 27.

CUSTOMS DUTIES—CLASSIFICATION—"BROWNIE ALBUMS."

"Brownie Albums," or decalcomanie books, containing lithographic prints so prepared that they may be transferred to articles by what is known as the "decalcomanie process," were dutiable, under paragraph 436 of the act of 1890, as toys not otherwise provided for, and not, under paragraph 308 of the act of 1894, as lithographic prints.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an application by George Borgfeldt & Co. for a review of a decision of the board of general appraisers reversing the action of the collector in classifying for duty certain imported goods. The court below affirmed the decision of the board, and the United States have appealed. The opinion filed below by TOWNSEND, District Judge, was, in full, as follows:

"The articles in question are 'Brownie Albums,' or decalcomanie books, containing lithographic prints so prepared that they may be transferred to articles by what is known as the 'decalcomanie process.' They were assessed, under paragraph 308 of the act of 1894, as lithographic prints. The importer protested, claiming that they were dutiable under various other provisions of said act, and, under paragraph 436 of the act of 1890, as toys. The board of general appraisers found that the articles were toys, and sustained the protest of the importer.

Paragraph 436 applies only to toys not otherwise provided for. Paragraph 308 contains no such provision. It is clear that these articles are toys, and the only question is whether they are otherwise provided for as lithographic prints. I am inclined to think, inasmuch as these articles differ from the ordinary lithographic prints, in being produced in book form, with a printed title page and directions for use, in being impressed on unglazed paper, and covered with a white-lead surface, so that they may be transferred to articles, in order thereby to furnish amusement for children, that they have been advanced from lithographic prints to a toy known as 'Brownie Album,' the object of which is not to serve as a lithographic print, but as a toy to be used in the way indicated by the printed directions. The board having found, therefore, upon satisfactory evidence, that the articles were toys, I think its finding should not be disturbed. The decision of the board of general appraisers is therefore affirmed."

Henry C. Platt, for the United States.
Albert Comstock, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. We concur in the conclusions expressed by Judge TOWNSEND in his opinion rendered in deciding this cause in the court below, and his decision and that of the board of general appraisers are therefore affirmed.